UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY RICHARD ZELLERS,

Plaintiff,

v.

INDIANA DEPARTMENT OF HEALTH,
et al.,

Defendants.

CAUSE NO. 3:26-CV-693-JTM-AZ

OPINION and ORDER

Zachary Richard Zellers, a prisoner without a lawyer, filed a complaint against

Beacon Memorial Hospital, Indiana Department of Health, Nicolas Scott Miller, and

Jason Moore. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Zellers is suing about an incident that occurred at Beacon Memorial Hospital on

November 5, 2022. Zellers was in the emergency room due to mental health concerns.

His allegations are somewhat vague, but he alleges that the individual defendants were

employed by Beacon Memorial Hospital, were present in his room, and used excessive

force against him when he refused care. It is not entirely clear if he is asserting claims pursuant to the Constitution or Indiana law, but either way, he cannot proceed on the complaint.

"Section 1983 provides a vehicle by which plaintiffs can sue persons who abuse state power in a way that violates federal law." *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). A plaintiff must allege two elements to state a claim under Section 1983: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Zellers has not alleged facts from which it can be plausible inferred that any individual defendant who used excessive force against him was acting under color of law.

To the extent that he is alleging state law claims against the individual defendants, he has a different problem. For this court to have diversity jurisdiction over Zellers' state law claims, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Zellers and all defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Zellers does not indicate his domicile, although it appears that he was residing in Indiana prior to his incarceration. Zellers also does not allege the citizenship of the defendants. Therefore, it cannot be plausibly inferred that the diversity of citizenship requirements is satisfied.

The requirement that he allege facts from which it can be plausibly inferred that the defendants were acting under color of law for his federal claims is not new to Zellers. Likewise, the requirement that he allege the citizenship of each party for his state law claims is not new to Zellers. He already filed one lawsuit against Beacon Memorial Hospital and Scott A. Miller based on the same incident.[1] *See Zellers v. Beacon Memorial Hospital*, 3:25-CV-98-CCB-SJF (filed Jan. 31, 2025). That case was dismissed on October 10, 2025, because Zellers did not state a claim under Section 1983 and, as to any state law claims, he did not establish federal subject matter jurisdiction.

Zellers cannot relitigate issues that have already been resolved in another case. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Thus, he cannot proceed against Beacon Memorial Hospital or

---

[1] His previous lawsuit named Scott A. Miller as a defendant, while this lawsuit names Nicolas Scott Miller. It seems likely these are the same individual, as they are both allegedly employees of Beacon Memorial Hospital involved in the incident that occurred on November 5, 2022.

Nicolas Scott Miller to the extent that this is the same individual previously sued as Scott A. Miller.

Zellers also named the Indiana Department of Health as a defendant. Claims arising under the Constitution must be brought pursuant to 42 U.S.C. § 1983, which provides a cause of action for constitutional violations by people acting under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Indiana Department of Health is an arm of the state and, as such, cannot be sued in federal court under 42 U.S.C. § 1983. *See Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). States and state agencies are not "persons" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Furthermore, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, Zellers cannot proceed against the Indiana Department of Health.

Even if Zellers had stated a claim against one of the defendants named in this action, he faces yet another challenge: he brought his claim too late. In Indiana, a two-year statute of limitations applies to Zellers' claims arising under section 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Zellers did not initiate this lawsuit until May 20, 2026. (DE #

1.) Thus, he appears to have filed his complaint nearly approximately 19 months too late.

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

While it appears unlikely Zellers can overcome the many obstacles this lawsuit faces, if he believes he can state a claim based on (and consistent with) the events described in his complaint, he may file an amended complaint. This is being allowed because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Zellers needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form,[2] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." The

---

[2] Pursuant to Northern District of Indiana Local Rule 7-6, Zellers is required to use this form in its entirety.

amended complaint must address each deficiency outlined in this order. Once the amended complaint is complete and signed, he should send it to the court.

For these reasons, the court:

(1) GRANTS Zachary Richard Zellers until **August 20, 2026**, to file an amended complaint; and

(2) CAUTIONS Zachary Richard Zellers that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: July 21, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT